FILED

FEB 12 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOHN DAMON,<br><br>        Petitioner,<br>vs.<br><br>MICHAEL FLETCHER,<br><br>        Respondent. | Cause No. CV 18-09-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on John Damon's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Damon is a state prisoner proceeding pro se.

I.    **28 U.S.C. § 2254 Petition**

Based upon a review of Damon's Petition, it appears that the petition is both unexhausted and fails to state a cognizable federal claim. The petition should be dismissed.

    i.    **Damon's Claims**

Following a conviction of felony DUI in Montana's Eighth Judicial District, Cascade County,[1] Damon was transferred to the Montana State Prison to begin

---

[1] *See* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/2056884 (accessed February 8,

1

serving his thirteen-month sentence. (Doc. 1 at 1). Damon explains he believed his classification status would be changed from a "Department of Corrections Inmate" to a "Montana State Prison Inmate" via an "override." *Id.* Damon claims that this change of classification status has never occurred and he believes the inaction to somehow be retaliatory in nature. *Id.* Damon asserts the present designation may prevent him from appearing before the Montana Board of Pardons and Parole. He requests this Court order the State of Montana to change his classification status and order his appearance before the Montana Board of Pardons and Parole. *Id.*

### ii. Exhaustion

A state prisoner must exhaust his state remedies before petitioning for a federal writ of habeas corpus. 28 U.S.C. §2254(b)(1)&(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)("[t]o provide the State with the necessary opportunity, the prisoner must fairly present [his] claim in each appropriate state court...thereby alerting the court to the federal nature of the claim.").

---

2018).

"Fair presentation requires the petitioner must present 'both the operative facts and the federal legal theory on which his claim is based'" to the state courts. *Davis v. Silva*, 511 F. 3d 1005, 1009 (9th Cir. 2008). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F. 3d 828, 830 (9th Cir. 1996). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial do not establish exhaustion. *Castillo v. McFadden*, 399 F. 3d 993, 999 (9th Cir.), cert. denied, 546 U.S. 818 (2005).

Although it appears Damon may have contacted individuals with in the Montana Department of Corrections and/or the Montana State Prison, *see* (Doc. 1 at 1), the Court has reviewed the Montana Supreme Court Docket and has been unable to locate any court filings made by Damon advancing the claim he attempts to raise in the instant petition. Thus, it appears that Damon's petition is entirely unexhausted.

### iii. Non-cognizable Claim

Setting exhaustion aside, Damon's petition also fails because the claim he attempts to advance is not cognizable in habeas. A state prisoner is entitled to federal habeas relief only if he is being held in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. §2254(a). Unless an issue of federal

constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); see also, *Peltier v. Wright,* 15 F. 3d 860, 861061 (generally federal habeas corpus relief is unavailable for alleged errors in interpretation and application of state law). It is not the province of this Court to second guess determinations made by state officials, including classifications regarding an inmate's particular status within the state correctional system.

Although Damon does not identify what federal claim he is attempting to advance the Court will construe his claim as a due process violation under the Fourteenth Amendment. But a closer review reveals no constitutionally protected liberty interest has been implicated by the purported denial of a certain classification status. Damon's desire for a specific designation within the Montana Department of Corrections and/or Montana State Prison is not a cognizable liberty interest.

A liberty interest may arise either from the Due Process Clause itself, or from the applicable law. *Olim v. Wakinekona*, 461 U.S. 238, 247-51 (1983); *Toussaint v. McCarthy,* 801 F. 2d 1080, 1089 (9th Cir. 1986). The Supreme Court has held that transfer of a prisoner to a more restrictive environment, even if it imposes "severe hardships" on an individual, does not impinge on a liberty

interest. *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Likewise, the disinclination of an institution to transfer an individual to a less restrictive environment does not impinge on a constitutional liberty interest. *Badea v. Cox*, 931 F. 2d 573, 576 (9th Cir. 1991). Moreover an inmate has no constitutional right to a particular security classification or housing. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); *see also Myron v. Terhune*, 476 F. 3d 716, 718 (9th Cir. 2007).

Because Damon has no constitutional or inherent right to a specific designation or classification, there is no protected liberty interest at issue in the present case. Accordingly, Damon cannot establish that he is in custody in violation of federal law.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability should be denied because Damon's petition is not only unexhausted, there is no doubt the claim advanced is not cognizable. Thus, there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. Mr. Damon's Petition (Doc. 1) should be DISMISSED as unexhausted and lacking in merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Damon may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Damon must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Damon is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

6

dismissal of this action without notice to him.

DATED this 12th day of February, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge